## Vanover, et al. v. Consolidation Coal Company, et al.

(Decided February 3, 1922.)

### Appeal from Letcher Circuit Court.

1. Deeds—Ambiguity.—Extraneous evidence held competent to explain a latent ambiguity in a deed.
2. Boundaries—Evidence.—Extraneous evidence as to the true lines in a tract of land which would have been competent against the vendor, held competent against the vendee.

MORRIS & JONES and DAVID HAYS for appellants.

W. H. MAY, ALLIE W. YOUNG and E. C. O'REAR for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In an agreed division among the children and widow of Henry Vanover, deceased, of his lands, adjoining tracts were allotted and conveyed in fee to Vannie Vanover, a daughter, and Jane Vanover, the widow. Appellees have acquired the tract conveyed to Vannie and appellants the tract conveyed to Jane.

The division line between these two tracts is thus described in the deed to Vannie: "Beginning on an oak tree on line of Jane Vanover at ford of creek above Jane Vanover's residence, thence running up the mountain in a southerly direction with Jane Vanover's line to the line of a 200 acre survey made for Perry Tucker, January 18, 1855."

In the deed to Jane the same line reversed is thus described: "Thence with said Vannie Vanover's line down the mountain to Elkhorn creek, cornering on an oak."

This entire controversy hinges upon the location of the oak described by the two deeds combined as an oak at the ford in Elkhorn creek above Jane Vanover's residence. There are two oaks at the ford indicated, one above and the other below it, both of which, the one as well as the other, satisfy the description of both deeds.

The appellees, whose land lies above appellants', claim the oak below the ford, while appellants claim the one above the ford as the one meant by the two deeds, with the consequence that each claims the strip of land between nearly parallel lines running back up the mountain from the two oaks.

Clearly, therefore, both the deeds in describing this line contain a latent ambiguity which can be cleared up only by extraneous evidence, and which is therefore competent. Justice v. Justice, 124 S. W. 351.

So far the parties agree, but appellants insist this must be done by evidence of the original location of the disputed line as made by the parties when the two deeds were simultaneously executed and delivered, while appellees insist no such original location was actually made by the parties further than to agree upon the oak at the ford as fixing the location of the line, and that, therefore, evidence of what they meant by what they said in their deeds must determine the controversy. A decision of this question really decides the case.

Appellant, Sam Vanover, and his brother, Grant, testify that the oak above the ford was. not only the one agreed upon but that it was then marked by them; they admit, however, that they had no authority from the other heirs to mark it. That it was either marked or agreed upon as the corner by the heirs is denied by all of the other interested parties who testify as well as the outsiders who were present and assisting in the preparation and execution of the several deeds of partition. There was certainly no survey of any kind made and the evidence is, we think, overwhelming that there was no location of this line on the land or any agreed action of any kind with reference thereto except simply an agreement that an oak at the ford which the parties had in mind should determine and fix the location of the division line between these two tracts, just as without any survey or marking of the other division lines it was certainly agreed such lines should run back from Elkhorn creek up the mountain from objects not visited or marked but well known to all parties.

It therefore becomes necessary and competent to prove which of the two oaks at the ford the parties at the time meant and agreed upon. A clear preponderance of the evidence of which oak the parties meant and under-

stood as being the oak at the ford favors appellees if we consider only the evidence of the several interested parties who testify as to what they meant and understood. But appellants contend this evidence is incompetent, some of it for one and some for other reasons, and so without attempting to select that which we consider competent, we shall disregard all of it on both sides, since we think the evidence of what Vannie and her vendees on the one side and Jane Vanover on the other certainly did after the division and until when Sam purchased his mother's tract this controversy arose, shows conclusively and unmistakably what the parties to that division, who were then or are now interested, believed and recognized to be the true corner and line.

At the time of the division in 1904 Vannie was unmarried and lived with her mother upon the tract allotted to the latter. Vannie married Newt Fannin in January, 1907, and about a year later she and her husband built a residence, presumably at least upon her land, and this house is about two-thirds on the strip of land in dispute. They lived in this house, in sight of her mother and within a short distance of appellant, Sam Vanover, until they sold her tract in 1910 to appellees' immediate vendor and during this time they not only cleared and cultivated the strip of land next the creek up to the line running back from the oak below the ford, but they built a fence on that line, and there is not one bit of evidence of protest from either Jane Vanover or Sam that in so doing they were trespassing on Jane's tract. Not only so but when Vannie was negotiating the sale of her tract she pointed out the lower oak at the ford as her corner and the line as indicated by the fence and cleared land as her line and Jane Vanover, who was present, indicated her acquiescence by remaining silent although the prospective purchaser had addressed the question to her as to where the line was. This evidence would certainly have been competent against Jane Vanover and it is just as competent against her vendee, Sam Vanover; and it is significant that in this controversy between her own son and a corporation she does not deny any part of it, if truthfully she could. There is, it is true, some evidence by disinterested parties that Vannie had told them the upper oak was her corner, but we can not give to it controlling weight in the light of what she actually claimed and reduced to possession.

The judgment of the chancellor being based upon a finding that the lower oak is the true corner and appellees the owners of the contested strip of land is consonant with our interpretation of the evidence and is therefore affirmed.