## Gilbert v. Tribble, et al.

(Decided October 24, 1924.)

### Appeal from Madison Circuit Court.

1. Deeds—Conveyance Held Simply of Known Marked Boundary of Land, and Not Exact Number of Feet.—Deed conveying parcel of land bounded on four sides by certain property, "being 67½ feet frontage and running back in parallel lines 400 feet and being the same property conveyed to A by D," held to convey simply known and marked boundary of land, and not parcel measuring exactly 67½ by 400 feet.
2. Boundaries—Courses and Distances Must Yield to Calls for Lines of Other Property.—Courses and distances must yield to calls for lines of other property.
3. Boundaries—Evidence Held to Show that Deed was Intended to Convey Specific Parcel, and Not Parcel of Exact Measurements Stated in Deed.—Evidence held to show that deed was intended to convey certain specific parcel, and not parcel having exact measurements stated in deed.

BURNAM & GREENLEAF for appellant.

CHENAULT & CHENAULT for appellees.

OPINION OF THE COURT BY JUDGE O'NEAL—Affirming.

The appellees, A. J. Tribble, T. J. Tribble and the heirs of Mattie J. Tribble, were the joint owners of a parcel of ground located in the city of Richmond and known as the Walker property. In settling the estate of Mattie J. Tribble, who seems to have owned an undivided interest in the property in her lifetime, it became necessary for the appellees, some of whom are infants, to sell this property by decretal sale, and they instituted an action for that purpose in the Madison circuit court. Appellant, Wallace Gilbert, owned the adjoining lot, and

shortly after the suit to sell the Walker property was filed, he undertook to build a fence on what he claimed to be the dividing line between his property and the property belonging to appellees.

The appellees thereupon filed an amended petition in the suit to sell the Walker property and in that amended petition appellant was made the defendant. It was alleged that he was wrongfully asserting title to and attempting to take possession of a six-inch strip of appellees' ground running the full depth of their property and adjoining his lot, and they asked that their title thereto be quieted. Appellant by answer denied that he was claiming a six-inch strip of ground belonging to appellees, but alleged that appellees, A. J. Tribble, T. J. Tribble and Mattie Tribble, ancestor of the other appellees, had sold and conveyed to him the property which he owned adjoining appellees' property, and that it was described in the deed of conveyance as having 67½ feet in frontage and running back 400 feet between parallel lines and that the six inches of ground which he was claiming were within the boundary conveyed to him.

Subsequently, in an amended answer, he alleged that since the delivery of the deed the appellees had refused to deliver to him possession of the entire boundary described in the deed; that instead of delivering a lot 67½ by 400 feet they had delivered him possession of only 66½ feet in front and 62 feet in the rear, and for this shortage he asked a writ of possession and that appellees be restrained from interfering with his erection of a fence to enclose the full boundary they had conveyed to him. By reply appellees denied that they had conveyed the six inches of ground in question to appellant, as set out in his original answer, and in response to the amended answer they alleged that the property sold and conveyed to appellant was commonly known as the Toll Gate lot and had always been referred to as being 67½ by 400 feet and had always been so described in the deeds of its former grantors, including the deed from W. D. Durham to appellees. It was further alleged that they had sold appellant only the property which they had purchased from W. D. Durham and that the deed so stated, and that it, in fact, extended 67½ feet from appellees' marked line as indicated by parts of a fence and post holes, but whether the lot was 67½ by 400 feet or not, appellant was not entitled under his deed to any part of their adjoining ground.

Upon the pleadings, proof and exhibits the court adjudged appellees only sold to appellant the lot known as the Toll Gate lot and that he did not acquire title to any of the adjoining property and that the true dividing line between the two lots "is as now fenced, beginning at the pavement on Big Hill avenue and running back with said fence and the old post holes to the rear of said property." Appellees' title to the adjoining property was quieted, and appellant was forever restrained from setting up further claim to any part of same. From that judgment appellant appeals.

The single issue thus presented by the pleadings is whether appellees intended to convey and appellant intended to purchase a parcel of land measuring exactly 67½ by 400 feet, as contended by appellant, or simply a known and marked boundary of land, as appellees contend. The chancellor upheld the latter contention and his action is supported both by the overwhelming weight of the evidence and by the very language of the deed of conveyance itself. The description of the property purchased and conveyed is as follows:

"A certain parcel of land on the Big Hill turnpike near the city limits of Richmond, bounded on the south by the Big Hill pike, on the east by the Stagner property, on the north by Allman and on the west by Walker, being 67½ feet frontage, and running back in parallel lines 400 feet and being the same property conveyed to A. J. Tribble by W. D. Durham and wife, by deed dated August 27, 1918, and which is duly recorded in D. B. 90 at page 30 of the Madison county clerk's office."

It will be observed that the property conveyed was described by reference to the adjoining boundaries and also by identifying it as the same property conveyed to the grantors by W. D. Durham by a certain deed of record in the Madison county clerk's office and finally by the dimensions of the property itself. Appellant admits, and the proof shows that he has received possession of all the property within the named boundaries; he likewise admits, and the proof shows that appellees delivered and he has received possession of all the property covered by the Durham deed referred to in the description. It follows, therefore, that if the deed be construed, as it must be, in accordance with the rule of precedence prevailing among the different calls for boundaries, and without

reference to the other evidence in the record, the appellees have delivered and the appellant has received all of the ground to which he was entitled, whether it measured exactly 67½ by 400 feet or not.    The rule of precedence to which we have referred is thus stated in the case of Rock Creek Property Co. v. Hill, 162 Ky. 324:

> "The rule is well settled in this state that courses and distances must yield to calls for the lines of other patents which are of record, and susceptible of definite and certain location, as in this case. Beshears v. Joseph, 108 S. W. 307, lays down the rule as follows: 'That in determining boundaries marked corners are the more satisfactory evidence, then natural objects, such as streams, ridge and cliff, then calls for the lines of other patents, which are of record and susceptible to definite and certain location, then course, and lastly distance.' "

See also Steele v. Williams, et al., 12 Ky. L. R. 770; Vanover, et al. v. Consolidation Coal Co., et al., 193 Ky. 616, 9 C. J. 172.

That the foregoing construction of the deed is correct and in full accord with the intent of the parties is shown by the overwhelming weight of the evidence.    It is apparent that appellant knew that he was purchasing and appellees intended to convey only the property deeded to appellee, A. J. Tribble, by W. D. Durham and familiarly known for many years as the Toll Gate lot.    A. J. Tribble testified to that effect and that he pointed out the line to appellant and told him that his barn and other outhouses were built on the line on the Walker property side.    He advised appellant that he would only sell up to the line, and the latter stated that would be all right, as he did not want to get farther up town.    It was further shown that the Toll Gate lot had been fenced for years and that there had been a rail fence with cedar posts between it and the Walker property belonging to appellees for from thirty to forty years, and that the line of that fence was still plainly marked by the post holes and part of the fence.    All of this evidence was corroborated by numerous witnesses and by other facts and circumstances appearing in the record.    It is true appellant denied that the line was pointed out to him or that he was only buying the Toll Gate lot, but it is manifest that he was perfectly familiar with the lot, knew its boundaries and where the dividing line ran and knew that appellees only intended

conveying up to that line. He introduced but one witness, a deputy county clerk, who swore A. J. Tribble asked him to prepare the deed between the parties, but he declined to do so after the parties got into an argument as to the dividing line and that thereafter appellant got his lawyer to draw the deed. We fail to see how this witness helps the cause of the appellant. He proves there was a dispute as to the dividing line prior to the execution of the deed, and it is certainly reasonable to assume, even if there were not abundant evidence of the fact, that an understanding was had by the parties establishing the correct or intended line before the conveyance was made.

The evidence clearly, if not conclusively, demonstrates that appellant purchased and appellees conveyed to him only the boundary adjudged to him by the chancellor and known as the Toll Gate lot, and that he was not entitled to any part of the adjoining boundary.

Wherefore, the judgment is affirmed.