## Eastland v. Robinson.

(Decided March 11, 1930.)

404

SANDERS E. CLAY for appellant.

NELSON D. RODES for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

This suit involves the location of the line between two city lots in Danville. The appellee, Robinson, sued appellant, Eastland, on a promissory note given in part payment of a lot on which a lien had been reserved as security. It was stated in the petition that, although the deed defined the width of this lot as 44 feet and 1 inch, more or less, since its execution it had been ascertained that the lot was only 42 feet 6½ inches in width.

The defendant answered that he was then, and had been for four years, ready, able, and willing to satisfy the note but that the plaintiff had refused to permit the establishment of the boundary line, and had wrongfully withheld possession of part of the lot. Issue was joined on the allegations of the petition regarding the descrip-

tion of the property conveyed and on which the lien was asserted, and the answer was made a counterclaim and set-off. The defendant prayed that the corners and boundaries of the property be established giving him the frontage called for by his deed, that the plaintiff be required to deliver full possession, and asked $250 in damages for the wrongful detention.

The court gave judgment for the note, and established the line slightly different from that claimed by either party. The defendant, not being satisfied, appeals.

In February, 1920, the appellee, Robinson, acquired a parcel described as fronting "about 88 feet 2 inches" on Lexington street and extending back between parallel lines "about 250 feet more or less." He erected two houses on the lot and about the time one of them was being completed sold it to appellant. The description in his deed called for a frontage along the sidewalk of 44 feet 1 inch, more or less; thence south with a westerly line of the other lot 216 feet; thence west 44 feet 1 inch, more or less; also the right of ingress and egress over 7 feet of the remaining lot from Lexington street south 120 feet. The deed also contained a reservation as an appurtenance to the other lot of a passageway 7 feet wide for the same distance. A double garage was at the time in process of erection at the end of this joint passway, and it was the purpose to convey the west half of this garage to Eastland; the east half remaining on the lot of Robinson. It was the manifest intention to divide this parcel into two lots of equal frontage, with the line running through the exact center of the garage; but the roadway from the street to the garage was made of screenings, irregular in width, and apparently not made with exactness as to the boundary line. Later a concrete edging or curbing was made by Eastland along his side of the driveway 4 feet 7 inches from his house. Afterwards Robinson constructed the same thing the same distance from his house. This made the driveway between 10 and 11 feet wide.

After he had been in possession about two months, Eastland learned, as he says, that his boundary line did not extend to the Presbyterian Church property, which bounded the original parcel on the south 266 feet from the front, although his deed called for a depth of only 216 feet and was described as being bounded on the south by a lot of Robinson.

The ground of appellee's complaint that he had not been given possession of the property purchased by him is that for awhile the grantor maintained a pen on the rear of both lots about 10 feet wide, and 16 or 18 feet long, and had some flowers and gooseberry bushes on his side of the line. No fence had been constructed between the lots, and it is admitted that Robinson never suggested that Eastland should not move the pen or bushes.

Differences having arisen between these gentlemen, appellant had his lot measured, which disclosed that the dividing line (measuring exactly 44 feet 1 inch from the west line) was not exactly the center of the driveway of the garage, but was 13½ inches east of the center of the driveway, a few inches farther from the center of the garage, and in the rear of the lot 34½ inches from the center of the original parcel. The chancellor established the boundary line as beginning at the center of the driveway, running in a straight line directly through the center of the garage to the back of the lot. The result is that the front of appellant's lot is 42 feet 11½ inches, and the rear is 40 feet 3 inches, instead of 44 feet 1 inch at both points. The remaining lot of Robinson is then shown to be 42 feet in front and 42 feet 2 inches in the rear; the dimensions of the original parcel being ascertained as being 84 feet 11½ inches in front and 82 feet 5 inches in the rear, instead of 88 feet 2 inches at both places.

It is suggested by the appellant that, as his deed calls for a 14-foot driveway, it was not proper to describe the line as being the center of an 11-foot passway. As stated, when originally made, it was irregular in width, but, as established by both parties, it was equidistant between the houses, and we think the center of it properly controls.

It is observed that the distance from the starting point given in the deed was qualified by the phrase "more or less," which relieved the quantity of exactness. Caldwell's Judicial Dictionary, vol. 2, p. 2192, from which may be quoted: "The words 'more or less' in the deed do not make a mistake binding. Shipp v. Swann, 2 Bibb, 82; Whaley v. Elliott (Eliot) 1 A. K. Marsh. 343 (10 Am. Dec. 737). But the words are evidence that the parties were to risk the quantity. Young v. Craig, 2 Bibb, 271." It is obvious that the line fixed by the court was that originally intended by the parties,

and the conveyance of 44 feet 1 inch, more or less, was what was considered as being exactly half of the original parcel which had been incorrectly described in the deed to the grantor. Reference may be made to Gilbert v. Tribble, 205 Ky. 223, 265 S. W. 621, in which was involved title to 6 inches of land between town lots, and in which it was held that the deed intended to convey a certain specific parcel and not one having the exact measurements stated in the deed. See, also, McKinney v. Raydure, 181 Ky. 163, 203 S. W. 1084, for a full consideration of the rules and principles applicable to this class of cases.

A court of equity has no right to make or alter a contract to suit either party; but it will always relieve against a mistake by granting such relief as the ends of justice demand. Although the line established is not exactly that contended for by either party, it is a familiar doctrine that, where a court of equity has jurisdiction of a subject, it will comprehend within its grasp and decide all incidental matters necessary to enable it to make a full and final determination of the whole controversy and thus determine the litigation. Asher v. Uhl, 122 Ky. 114, 87 S. W. 307, 93 S. W. 29, 27 Ky. Law Rep. 938, 29 Ky. Law Rep. 396.

The judgment is criticized because no mention is made of the easement forming the joint driveway and because of an obvious typographical error in a call. Had these things been called to the attention of the trial court, they would, of course, have been corrected. The judgment must be read in connection with the deed, and, as there was no controversy over the right to use this driveway or even as to its proper width, but simply the location of the line, it does not appear that it was necessary to mention it.

The judgment is affirmed.