## Givens v. Turner et al.

### (Decided Feb. 18, 1938.)

ISHAM G. LEABOW for appellant.

W. J. STONE for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is an appeal from a judgment of the Bell circuit court, rendered in two actions which had been consolidated and by the court heard together and so disposed of.

The first of these consolidated actions was styled William Givens, Plaintiff, v. Marion T. Ely, W. K. Turner, and Log Mountain Coal Company, Defendants, in which the appellant, Givens, sought to have his title to this tract of land lying in Bell county, and here involved, quieted against the adverse claims of the defendants under deeds and a title bond executed them by

the common grantors, J. W. Turner and wife, Martha J. Turner.

The second or other of these actions was brought by J. W. Stone (and M. T. Ely) against J. W. Turner and wife, Martha J. Turner, and William Givens for the enforcement of a lien alleged held by him against the land for professional services rendered by him as attorney in defending the actions of the M. T. Ely heirs and the American Association, Inc., against John W. Turner, the patentee of the land here involved.

He alleges that by the terms of his contract, he was to receive a sum equal to one-third of the value of the land recovered for the Turners in said actions; that he defeated said actions and recovered judgment in their favor for the 100 acres of land here involved, which the court by its judgment in effect held to be worth $10,000.

In the action Stone alleged that the defendant Givens had attempted to purchase this land and was claiming title thereto under a deed from Martha J. Turner, made at a time when she was married to J. W. Turner, who did not join therein with her, rendering the same void.

This action was transferred to equity and later consolidated with the first-named action of Givens v. W. K. Turner et al., with which it was heard and decided by the court in the one judgment here appealed from, as stated supra, when it was held that the said W. J. Stone "recover of the defendant Martha J. Turner the sum of $1666.00 and the cost of this action, with interest at the rate of 6% per annum from August 26, 1925 until paid"; further that the said W. J. Stone had a lien for said judgment on the land described, which was prior and superior to that of the owner of the land and directed that the land be duly sold by the master commissioner to satisfy his debt, interest and costs. Further, it was adjudged that W. K. Turner, one of the defendants in the consolidated action, was the owner of the land involved in fee simple and that he acquired same by reason of a title bond executed by Martha J. Turner and husband, John W. Turner, August 10, 1923, to W. K. Turner and Marion T. Ely and Ely's later assignment to him of his interest in said bond.

Further it was adjudged that the petition of William Givens be dismissed.

Complaining of this judgment rendered in favor of W. K. Turner and W. J. Stone, he prosecutes this appeal against them.

It appears by the record that shortly after the termination of these earlier suits (above set out) against the Turners, which were successfully defended by their attorney, W. J. Stone, ending in a judgment for the Turners, in January, 1925, the appellant Givens soon thereafter filed his suit, as stated above, against Marion T. Ely, W. K. Turner, and the Log Mountain Coal Company, seeking to have his title to the land here involved quieted against the adverse claims alleged being made thereto by the said defendants.

Under the pleadings in this suit, it is shown that the appellant Givens, Marion T. Ely, and W. K. Turner jointly, and the Log Mountain Coal Company each claimed title and right of possession to this land lying in Bell county which had been patented to J. W. Turner by the commonwealth along about 1870.

It is shown that soon after this suit was filed, the defendant Marion T. Ely died, leaving his wife, Mabel M. Ely, as his administratrix, who filed a petition to be made a party defendant to the action, and with W. K. Turner then filed a joint answer and counterclaim, setting up their claims to the land and making their answer also a cross-petition against J. W. Turner and wife, Martha J. Turner.

After filing this joint pleading, it appears that Mabel M. Ely died, leaving her father, Charles H. Johnson, as her only heir, who was in turn made a party defendant.

By various pleadings and depositions had in the case, the issues were made up and the final judgment referred to above was entered, in which the petition of appellant was dismissed. This appeal is prosecuted from that judgment, in which only J. W. Turner and W. J. Stone are now appearing as appellees.

At the threshold of our consideration of the merit of this appeal, it may be observed that the only question directly involved upon the Givens appeal is that of whether or not the deeds conveying him the land in controversy, the one by J. W. Turner alone and the other by Martha J. Turner, his wife, alone, under which

he claims a fee-simple title to the land involved, were effective for vesting him with title thereto. If they are effective and convey a good title, then the judgment of the court in otherwise holding and dismissing plaintiff's petition was improper.

The appellant in his suit claims title to the land involved under two deeds: The first, from J. W. Turner, the original grantee from the commonwealth, dated January 5, 1909, and recorded February 11, 1909, in which deed the said grantor's wife, Martha J. Turner, did not join; the second, a general warranty deed, from Martha J. Turner, wife of J. W. Turner, executed some sixteen years thereafter, June 1, 1925, and recorded June 5, 1925.

On the other hand, the defendants Stone and Turner claim title under a deed executed by John W. Turner to his wife, Martha J. Turner, on December 4, 1908, which was certified as acknowledged by grantor on the same day and thereafter, on January 19, 1909, duly recorded, and a title bond executed by Martha J. Turner and husband, J. W. Turner, to Marion T. Ely and W. K. Turner, dated August 10, 1923, and certified as duly acknowledged by the said grantors on the same date.

It appears that the Log Mountain Coal Company, also named as a defendant in appellant's suit, after filing an answer denying appellant's title and claiming title in itself, apparently abandoned all claim to said land, in that it took no proof or any further steps in the case whatever, its title or that of its remote vendor, American Association, Inc., having been adversely adjudicated in its prior action against J. W. Turner and wife hereinabove referred to.

To resist the claim of title to this land made by plaintiff under the two deeds made him, as above recited, the defendants plead and prove that this same J. W. Turner, their common grantor, did on December 4, 1908, prior to the dates appearing on these later deeds, execute to his wife, Martha J. Turner, a deed to the land in controversy; that having divested himself of title and right of possession to the land by the deed to his wife on December 4, 1908, J. W. Turner's thereafter attempted conveyance of the land by a deed dated January 5, 1909, to appellant Givens, for a consideration to be paid in the future and in which conveyance his wife

did not join and under which no possession was given or taken by appellant, was ineffectual and conveyed no interest or title in the land to the appellant. Defendants also claim that the later warranty deed, made by the wife, Martha J. Turner, alone on June 1, 1925, of the land to the appellant, was ineffectual to convey any interest or title therein to appellant, for the reason that she had, together with her husband, J. W. Turner, on the prior August 10, 1923, executed a title bond for the same land to W. K. Turner and M. C. Ely for the consideration therein recited.

Counsel for appellant attempts to answer this argument advanced by appellees with the countercharge (which is nowhere pleaded) that the prior deed executed by J. W. Turner to his wife on December 4, 1908, was a fraudulent instrument, made, and antedated by the grantor, after executing and delivering his deed to the appellant on January 5, 1909, to defeat his conveyance of the land thereby made him, when in fact such deed was made not before but subsequent to the date of execution of his deed to appellant on January 5, 1909.

In support of such claim of appellant, in the later deed executed him on June 1, 1925, by Martha J. Turner, it is recited that this earlier deed, purported to have been made her by her husband, J. W. Turner, on December 4, 1908, was not in fact then made, but was made after J. W. Turner's deed of January 5, 1909.

Also, this recitation made in the deed of June 1, 1925, appellant contends is supported by the affidavit he obtained from Martha J. Turner and J. W. Turner, wherein they aver that his earlier deed to his wife, dated December 4, 1908, was spurious and fraudulent in respect to its being prior to J. W. Turner's deed to appellant and was in fact executed thereafter.

Further, appellant contends that even if the deed of J. W. Turner to his wife, bearing date of December 4, 1908, was then in fact executed, it was not put to record until January 19, 1909, or some six weeks after the date of his deed and was, therefore, under the provisions of section 496, Kentucky Statutes, ineffectual as a prior conveyance of the land as against him, a bona fide purchaser for value of the land from their common grantor on January 5, 1909.

In these contentions made by appellant, we are

unable to concur, for the reason that the claims of appellant, that the deed of Turner to his wife, bearing date of December 4, 1908, was fraudulent and not in fact executed at such time, are unavailing, in view of the fact that the deed is duly and regularly certified as having been executed and acknowledged on December 4, 1908, the day it purports on its face to have been executed. The rule is well settled that certificate of acknowledgment of the clerk, showing that deed was acknowledged on a certain date, is conclusive of such fact. Weisiger v. Mills, 91 S. W. 689, 28 Ky. Law Rep. 1208.

Also, by section 3760, Kentucky Statutes, it is provided that:

"Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer."

In accordance with the provisions of the above statute, it was held in Stephens v. Perkins, 209 Ky. 651, 273 S. W. 545, that in the absence of fraud or mistake the certificate of a clerk showing acknowledgment of a deed by the grantors cannot be questioned. Also in Slater v. Hatfield, 195 Ky. 281, 242 S. W. 618, it was held that the date of an acknowledgment stated in the certificate comes within the provisions of this section, excluding its being called into question except upon the allegation of fraud. To like effect, see Kentucky W. Va. Gas Co. v. Maynard, 242 Ky. 490, 46 S. W. (2d) 788.

Therefore, under the provisions of the statute and the cited cases construing same, the deed must be conclusively taken and held to have been executed on the date it is certified by the clerk it was duly acknowledged by him.

Further, as to appellant's contention that even conceding the deed to the land was executed to his wife by J. W. Turner on December 4, 1908, he was yet not affected thereby or prevented from acquiring title under Turner's later deed made him on January 5, 1909, for the reason that he was a bona fide purchaser for value of the land, without notice of the earlier conveyance

claimed made by Turner to his wife, as the same was not then nor until January 19, 1909, put to record.

However, for a subsequent purchaser to claim such protection as against the holder of a prior unrecorded deed, he must have purchased the land for a *valuable consideration* and without notice thereof, the language of section 496, Kentucky Statutes, being as to this that:

"No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record."

It is neither pleaded nor contended, nor is it in proof, that the appellant, after receiving his deed of January 5, 1909, from J. W. Turner, either took possession thereunder or paid him any part of the consideration called for in the deed, nor was payment thereon called for or commenced until some ten months after the date of the deed, and therefore appellant, it is thus shown (as well as admitted by him), had paid nothing to his grantor upon the purchase price of the land so conveyed him up until the time his grantor's prior deed executed to his wife was duly put to record on January 19, 1909, or some two weeks after Turner's deed was made him.

In Rouse v. Craig Realty Co., 203 Ky. 697, 262 S. W. 1083, 1084, in considering and construing the provisions of section 496, Kentucky Statutes, quoted supra, we said:

"This section has uniformly been held to be for the protection of subsequent purchasers, and, where the first purchaser fails to record his deed, if another person without notice thereof innocently purchases the land and accepts a deed therefor, the latter's title will not be affected by the subsequent recording of the first deed, even though prior in point of time. Louisville Bldg. & Loan Ass'n, Assignee, v. Greene, 59 S. W. 508, 22 Ky. Law Rep. 959. In such cases it is held that the conveyance to a subsequent purchaser relates back to the time of the purchase, and that the title must in law be regarded as having then and as of that date passed

to and vested in the purchaser (Tennis Coal Co. v. Asher, etc., 143 Ky. 223, 136 S. W. 197), *though if any of the purchase money is paid subsequent to receiving notice of the first conveyance the second will not be a bona fide* purchaser as to it. (Kentucky River Coal Corp. v. Sumner, 195 Ky. 119, 122, 241 S. W. 820; Winlock v. Munday, 156 Ky. 806, 162 S. W. 76; Hardin's Ex'rs v. Harrington, 11 Bush 367).'' (Italics ours.)

Applying this rule, the appellant purchased the land subsequent to a conveyance made another who did not record the deed, but he is not a bona fide purchaser for value, in that before making payments on the purchase price of the land he received notice of the prior conveyance, constructively given appellant by the recordation by Martha J. Turner of J. W. Turner's deed to her on January 19, 1909. Its being admitted that appellant had not at such time paid anything upon the purchase price of the land, he does not bring himself within the protective provision of section 496, Kentucky Statutes, which extends protection only to bona fide purchasers.

Its being thus shown that the appellant obtained no title or interest in the land in controversy under his deed of January 5, 1909, from his grantor, J. W. Turner, by reason of the fact that his grantor was at the time of making him the deed without title to the land, in that he had earlier conveyed the same to his wife on December 4, 1908, it must follow that by and under the later title bond executed on August 10, 1923, by Martha J. Turner and her husband, J. W. Turner, to W. K. Turner and Ely, upon the terms and for the consideration therein recited, the said Turner and Ely acquired title to or interest in the land, or the right to acquire same. Further, it follows that J. W. Turner and wife having disposed of their title and interest in the land in question by their execution of the title bond to their son, W. K. Turner, and Ely, they thereby divested themselves of title and interest therein, with the result that the later attempted conveyance of a title to appellant by Martha Turner's later warranty deed, executed appellant by her on June 1, 1925, or after her earlier execution of the title bond to the appellees, was ineffectual to pass any title or interest.

Therefore, for the reasons stated above, it is our

opinion that the court properly adjudged that as be-. tween appellant Givens and the appellees, W. K. Turner and Ely, the latter had acquired title to the land in question, and accordingly dismissed appellant's petition making claim of title and asking that it be quieted.

However, equity having acquired and taken jurisdiction of the case upon the questions thus presented,. we should here go further and attempt to render complete justice in regard to the further rulings made in the judgment appealed from.

In this connection, it may be further noted that this appeal is prosecuted against both W. K. Turner and. W. J. Stone, thus asking our review of the judgment as to each of the appellees; it being the rule that "a court of equity, having taken jurisdiction, will grant complete relief." National Union Fire Ins. Co. v. Light's Adm'r, 163 Ky. 169, 173 S. W. 365; Davey Tree Expert Co. v. Ackelbein, 233 Ky. 115, 25 S. W. (2d) 62; Eastland v. Robinson, 233 Ky. 403, 25 S. W. (2d) 1028, 70 A. L. R. 365. That is to say, the settled principle of courts of equity is to make as complete a decision of all the points embraced in the cause as the nature of the cause will permit. The extent of the relief, therefore, that the court will undertake to grant in a case, once having taken jurisdiction, is commensurate with the rights, duties, claims, and titles appearing in the pleadings and as established by the proof. To such end, "the decree should be adapted to the circumstances and necessities of each case and should be so designed as to put an end to the litigation and not foster it. And of course the court may attach to the grant of relief any conditions that to it seem proper." 10 R. C. L. pp. 556 and 557, sec. 339.

Under the bidding or prompting of the duty imposed by this rule, we are led to consider other of the terms of the judgment appealed from, among which may be noted that the appellee W. J. Stone is thereby adjudged a recovery of the sum of $1,666 and costs, with interest and a prior and superior lien on the land involved in that amount. Further it was adjudged that the land be sold to satisfy said debt, interest and costs.

It appears, however, that this judgment was recovered by the appellee Stone under a contract had with the owners of the land, J. W. Turner and wife, by which

they agreed to ·pay him and his associate attorney, if they successfully defended certain suits then pending against them, in which this same land was the subject of the litigation, one-third of the value of the land recovered. Accordingly, Stone and his associate having successfully defended the actions and recovered the land therein, they were adjudged as their fee an amount equal to one-third of the value of the land which the court assumed and estimated to be $10,000.

However, it appearing that the appellee Stone (his associate counsel having died) is here seeking only one-half part of this fee allowance made, which the court has fixed at the sum of $1,666 (as being a one-sixth of the value of the land, as assumed by him), and has directed a sale of the land for the satisfaction of Stone's adjudged lien, we are of the opinion, and so direct, that the court's order should be modified to the extent of directing that upon the sale of the land the appellee Stone shall receive a one-sixth part of its net proceeds, as being more accurately conformable with the terms of his employment contract, providing for payment to him of a one-sixth part of the value of the land recovered in the defended actions.

It also appearing by the pleading and proof of the appellant Givens that he purchased and took possession of the land involved under a warranty deed executed him by Martha J. Turner on June 1, 1925, in consideration of his payment to her therefor of the sum of $2,000 and a house and lot valued at $1,000, and that the purchase made by him has entirely failed, by reason of his having procured no title to the land under or by reason of the said deed, a conditional restoration of the amount paid is hereby directed. Therefore, the learned chancellor's decree should be further so modified as to direct that out of the sale proceeds of the land remaining, after payment of Stone's fee as above directed, the appellant should be repaid the consideration shown paid by him to Martha J. Turner and husband for the land bought of them, for which he received no title.

This direction is made by reason of our conclusion reached that it was not shown by the scant proof of W. K. Turner that he and Ely had paid to J. W. Turner and wife other than a trivial part of the consideration or purchase price of the land recited and agreed in the

title bond to be paid by them to J. W. Turner and his wife.

But this direction for repayment to Givens, out of the net sale proceeds of the land involved (by way of restitution to Givens of the amount of $3,000 paid to J. W. and Martha J. Turner without consideration received therefor), is limited in its application to payment by the commissioner of only such part of the net sale proceeds over to Givens as would otherwise be paid to Turner and the Ely estate, the adjudged owners of the land, after deducting from such amount any amount that might be yet found owing and unpaid upon the purchase price recited in the title bond and agreed to be paid by them to J. W. and Martha J. Turner.

While the general rule is further that where there is a mistake made by purchaser in regard to the validity of the grantor's title as to the land bought of him, same is not a ground for relief or for restitution of the amount so mistakenly paid for a void title, it is otherwise where he guards against his own risk as to the title purchased by bargaining for a deed with warranty of title thereto, as was here the case.

Therefore, the judgment is reversed, with directions to enter one in accordance herewith.