### YOUNG v. ADAMS et al.

Court of Appeals of Kentucky.

Feb. 12, 1954.

Rehearing Denied May 7, 1954.

Appellant originally purchased a 200-acre tract of land from H. C. Fields on March 18, 1929. That deed excepted two acres, one acre of which is the land in controversy. It later developed that Fields had title to only the surface of the land which he conveyed, and a rescission of the deed was adjudged in an action which reached this Court. Fields v. Cornett, 254 Ky. 35, 70 S.W.2d 954. After the judgment in that case, appellant reconveyed the land to H. C. Fields, who in turn conveyed to his daughter, Orpha Moore. The latter deed contained no exception and specifically provided that the tract excepted in the deed from Fields to appellant was included. Appellant subsequently purchased a part of the original boundary from Orpha Moore, and this includes the land now in dispute.

On the same date that Fields conveyed to appellant, he executed a deed to Theo Fields and Joseph H. Fields covering the two acres excepted in the first deed to appellant. The appellee, Oscar Farmer, as a remote vendee of Theo and Joseph Fields, acquired the land which is the subject of this controversy. It is admitted that the deed from H. C. Fields to Joseph H. and Theo Fields was not recorded until more than two years after appellant received her deed from Orpha Moore. Under these circumstances, the only question material to our determination of the appeal is whether or not appellant was a bona fide purchaser without notice of the unrecorded conveyance.

Appellees insist that appellant is charged with notice of the prior sale because of the exception which was contained in the deed executed to her by H. C. Fields. We are unable to draw such an inference. The fact that this land was originally excepted was not sufficient to charge appellant with notice that H. C. Fields had conveyed to others. More especially is this true in view of the fact that the deed from Fields to Orpha Moore expressly provided that no exception was being made.

H. C. Fields testified that Orpha Moore knew of his prior conveyance to

John E. Campbell, Barney W. Baker, Hazard, for appellant.

C. A. Noble, Hazard, for appellees.

DUNCAN, Justice.

This action involves title to one acre of mountain land in Perry County. Appellant's petition, asserting ownership and seeking possession, was dismissed, and she appeals.

Theo and Joseph Fields, but he does not claim that appellant was ever advised of that transaction. We have often held that a second purchaser for value and without notice, purchasing from a first purchaser who is charged with notice, is a bona fide purchaser and is entitled to protection. Arnett's Committee v. Owens, 65 S.W. 151, 23 Ky.Law Rep. 1409; Phillips v. Murphy, 186 Ky. 763, 218 S.W. 250.

It is also insisted that appellant was put on notice of the prior conveyance by the clearing of a right of way for a power line by the Kentucky and West Virginia Power Company, which had obtained its easement from appellee Farmer. The right of way was cleared long after appellant acquired her deed from Orpha Moore, and whatever knowledge she obtained from that source has no bearing on the question of notice at the time of the purchase.

It is also contended that appellant's status as an innocent purchaser is destroyed because part of the purchase price was not paid until after the deed from H. C. Fields to Theo and Joseph Fields was recorded. In the deed from Orpha Moore to appellant, a vendor's lien was retained to secure a part of the purchase price. This lien was released by marginal endorsement on May 5, 1938. We have held that a purchaser who obtains notice of an unrecorded conveyance before payment of the purchase price will not be considered as an innocent purchaser for value. Kentucky River Coal Corporation v. Sumner, 195 Ky. 119, 241 S.W. 820; Givens v. Turner, 272 Ky. 211, 113 S.W.2d 1166. In the Givens case, we said, although the statement was not material to the decision, that if any of the purchase price is paid subsequent to notice of the first conveyance, the second will not be considered an innocent purchaser. We doubt that the rule is as broad as the opinion would indicate, but it is not necessary to turn this case on a re-examination of that question. Here, the only inference that any of the purchase price was paid after recording of the second deed arises from the date of the marginal endorsement. We cannot assume that final

payment of the purchase price was made on the same date the lien was released.

We are unable to find any evidence in the record that appellant had notice of the prior conveyance or knowledge of such facts as would put her on inquiry. Under these circumstances, she should have been adjudged title to the land in controversy.

The judgment is reversed for the entry of a judgment in conformity with this opinion.