A. C. SAVAGE, Ruth Savage, Appellants,

v.

Lutie Savage ADAMS, Appellee.

Court of Appeals of Kentucky.

Nov. 2, 1956.

Rehearing Denied March 29, 1957.

John S. Deering, Nicholasville, for appellants.

Robert L. Bronaugh, Wm. B. Buford, Nicholasville, for appellee.

CLAY, Commissioner.

This controversy has been pending since 1947. It involves accounting claims between a brother and sister arising out of many real estate and other transactions.

The Chancellor adjudged that the plaintiff sister recover from her defendant brother approximately $10,000, subject to a set-off of $461.

The contentions on this appeal are that the evidence does not support the judgment and that the mortgages involved are not enforceable.

The transactions go back as far as January 1, 1937. According to plaintiff's testimony, her brother acted as her agent or for her benefit in various matters involving the sale, purchase and management of real estate. Several properties, which she owned or in which she had an interest at one time or another, were eventually conveyed to the defendant. In addition to the conveyances, plaintiff claims to have loaned money to the defendant.

The defendant's testimony was to the effect that he had not acted as agent for his sister; that she did not own interests in the property she claimed; that he had more than repaid any loans she had made to him by taking care of her; and that he was not indebted in any amount.

The testimony of the parties is highly conflicting and the transactions between them seem endless and complicated. To add to the confusion, the records kept by the parties are not at all satisfactory. However, there are certain documents which point to the correct adjudication of the parties' rights.

■ In a writing dated July, 1937, designated as "Accounts and interest of Lutie Savage Adams (the plaintiff)" and signed by both plaintiff and defendant, there are recitals showing that plaintiff's interests in various pieces of property total the sum of $13,138. This instrument establishes that plaintiff had an interest in transactions conducted by the defendant. The court properly found that this document was so remote in time that it did not constitute evidence of the present obligations of the parties, but it does support plaintiff's claim that defendant owed her fiduciary obligations.

In January 1943 defendant executed three mortgages to the plaintiff to secure loans aggregating something over $7,000. The defendant admitted the execution of these instruments but denied their legal effect. He asserted that they were intended as a substitute for a will and were to have no validity until his death.

On the basis of the documentary evidence, it is apparent from this record that defendant had recognized the plaintiff's interests in property in which he had been dealing and that he also recognized an indebtedness to her. Many transactions appear to have taken place between the time of the "Account and interest" statement of 1937 and the mortgages executed in 1943, and doubtless there were other transactions later. These dealings and the accounts between the parties appear so complicated, entangled and uncertain that the documents furnish the best evidence of the obligations recognized by the parties.

■ There was sufficient evidence to support the Chancellor's finding that defendant occupied a position of trust toward his sister, and because of his failure to keep complete and accurate accounts any doubts arising from the record should be resolved against him. 54 Am.Jur., Trusts, Section 499; and Johnson v. Murphy's Adm'r, 293 Ky. 294, 168 S.W.2d 1022. The judgment was based upon the indebtedness specified in these three mortgages (with interest), and the Chancellor's finding that this amount was due and owing to the plaintiff is amply supported by the record and certainly is not clearly erroneous. CR 52.01.

■ Defendant's other contention is that the three mortgages were not enforceable because they were not accepted by the plaintiff and were somehow barred by the statute of limitations. It is unnecessary to pass upon either of these questions.

The judgment is not one of foreclosure of these mortgages. They did, however, constitute relevant evidence of the indebtedness of the defendant. Having found the indebtedness in what amounts to a suit for an accounting against a trustee, the Chancellor adjudged the plaintiff a lien against these three pieces of property to secure the payment of the judgment. This he had authority to do aside from enforcement of the mortgages. Givens v. Turner, 272 Ky. 211, 113 S.W.2d 1166.

We find no error.

The judgment is affirmed.