**GOTTLIEB CONTRACTING, INC.,**
Plaintiff-Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee.

No. 171, Docket 30002.

United States Court of Appeals
Second Circuit.

Argued Nov. 17, 1965.

Decided Dec. 2, 1965.

Nelson Rosenbaum, New York City, for plaintiff-appellant.

Morton Hollander, Department of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., John C. Eldridge, Department of Justice, Washington, D. C., and Joseph P. Hoey, U. S. Atty. for Eastern District of New York, Brooklyn, N. Y., on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

After public competitive bidding, Gottlieb Contracting, Inc., entered into a contract with the Government for "Rehabilitation of Electrical Service to Family Quarters, Quentin Street, Manhattan Beach, New York." The contract provided for the installation of certain wall vents "near the [clothes] dryer electrical outlet." The contractor was required to install the vents in the outer walls of the building rather than in inner walls leading to other inside rooms, at an expense of $2051.74 more than what the contractor expected to pay for installations in the inner walls. On cross-motions for summary judgment the claim against the Government for reimbursement of the $2051.74 was rejected and Gottlieb Contracting, Inc., appeals.

Appellant has tried to persuade us as matter of law that "near" means only a few inches from outlets in plaster and two-by-four stud walls leading to inner rooms, rather than in exterior masonry walls some eight or ten feet distant and leading to the open air. We think this contention is disposed of by the following comment in the decision of the Armed Services Board of Contract Appeals, on the appeal, as provided in the Disputes Clause [1] of the contract, from the ruling

---

1. 28. DISPUTES
    (a) Except as otherwise provided in this contract, any dispute concerning a

question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting

of the Contracting Officer rejecting appellant's claim:

"As a reasonably intelligent bidder, appellant was charged with knowledge, and had actual knowledge, that the dryer outlet was for the purpose of supplying electric current to a clothes dryer to be installed nearby and that the purpose of a dryer vent is to provide a means whereby moisture evaporated from the clothes can be exhausted from the dryer to the outside without escaping into the room where the dryer is installed. In the context used the word 'near' means no more than that the dryer vent be installed at a place not too distant from the dryer outlet so that the dryer can conveniently use both the dryer electrical outlet and the dryer vent. A dryer vent is not normally used to exhaust moisture from one room into another, and under well established principles of contract interpretation appellant should have interpreted Note 7 as calling for the installation of a dryer vent to be used for its normal purpose, unless some other intent was clearly expressed. The use of the word 'near' was not inconsistent with the vent being installed in an outside wall eight or ten feet from the outlet; and, hence, there was no inconsistency between the requirement that the vent be 'near' the outlet and the requirement that the vent be installed in an outside wall so it could be used for its normal purpose."

This was not a case of "defective design," but one of the common, garden variety of disputes calling for an understanding of the factual background and the use of common sense. The meaning of "near" could not be understood except in the light of the facts above described. Thus only factual issues are involved, and Judge Bruchhausen properly held, under the terms of the Disputes Clause, that the decision of the Armed Services Board of Contract Appeals was final and conclusive. See United States v. Hamden Co-Operative Creamery Co., 2 Cir., 1961, 297 F.2d 130, 133–135; 41 U.S.C. § 321.

Affirmed.

Officer, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to the Contractor. The decision of the Contracting Officer shall be final and conclusive unless, within 30 days from the date of receipt of such copy, the Contractor mails or otherwise furnishes to the Contracting Officer a written appeal addressed to the Secretary. The decision of the Secretary or his duly authorized representative for the determination of such appeals shall be final and conclusive unless determined by a court of competent jurisdiction to have been fraudulent, or capricious, or arbitrary, or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence. In connection with any appeal proceeding under this clause, the Contractor shall be afforded an opportunity to be heard and to offer evidence in support of its appeal. Pending final decision of a dispute hereunder the Contractor shall proceed diligently with the performance of the contract and in accordance with the Contracting Officer's decision.