983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Anthony JOHNSON, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 91-6194.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1992.
 
 On Appeal from the United States District Court for the Western District of Kentucky, No. 79-00152; Ballautille, J., D.J.
 Before KEITH, DAVID A. NELSON and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant William A. Johnson challenges plaintiff the United States of America's right to garnish defendant's wages and to seize defendant's 1988 federal income tax refund to satisfy an outstanding debt. For the following reasons, we AFFIRM.
 
 I.
 
 2
 In 1979, defendant obtained a loan from the Veterans Administration, now the Department of Veteran Affairs, and gave a mortgage in exchange. In 1980, defendant defaulted and the Department sued to recover the debts. The district court entered a default judgment finding that defendant owed plaintiff $21,560.52 plus interest. A public auction of the mortgaged property garnered $17,634.22 leaving remainder unpaid.
 
 
 3
 In 1989, plaintiff seized defendant's 1988 income tax refund and applied it to the remainder owed.[1] Plaintiff also garnished defendant's wages in accordance with Kentucky law. Defendant moved to quash the garnishment and the seizure because the Department failed to obtain a deficiency judgment following the sale of the mortgaged property. The district court denied the motion holding that, although a deficiency judgment is required in a foreclosure on a mortgage, none is required in an in personam action on the underlying debt.
 
 II.
 
 4
 At the outset, we recognize that federal loan programs are generally governed by federal law. United States v. Kimbell Foods, Inc., 440 U.S. 715, 726 (1979). However, no federal statutes or regulations exist to govern the precise issue involved here. Faced with this absence of statutory law, we find that Kentucky law governs. "[M]ortgage foreclosure and defenses to foreclosure traditionally are matters of state law. We [find] 'it most improbable that the VA Act was intended to authorize the federal courts to create ... a federal common law of mortgages to supplement or supplant the law provided by the states.' " First Family Mortgage Corp. v. Earnest, 851 F.2d 843, 846 (6th Cir.1988) (quoting Rank v. Nimmo, 677 F.2d 692, 697 (9th Cir.), cert. denied, 459 U.S. 907 (1982)). Although the district court did not base its decision on Kentucky law, we find that the result reached is nevertheless correct.
 
 
 5
 In deciding that a deficiency judgment was not required, the district court relied on United States v. Caprice, 427 F.Supp. 1035 (D.N.J.1976), aff'd, 556 F.2d 569 (3d Cir.1977) (table). In Caprice, the Veterans Administration foreclosed on a mortgage and a public sale was ordered, but no one bid on the property. Rather than granting a deficiency judgment, the court simply allowed the suit to proceed as an in personam action and dismissed the foreclosure action. Id. at 1038-39. The court explained that, although the foreclosure was an in rem proceeding, "[t]here [is] no reason why this action could not have been merely an action in personam against the debtor for a money judgment in the amount of the obligation...." Id. at 1039 (emphasis added).
 
 
 6
 Like the court in Caprice, Kentucky has recognized the difference between a foreclosure proceeding and an action on the underlying debt. In Savage v. Adams, 299 S.W.2d 597 (Ky.1957), the plaintiff sought to recover three loans. Defendant argued, in part, that the mortgages were unenforceable. In discounting these arguments, the court stated:
 
 
 7
 It is unnecessary to pass upon either of these questions. The judgment is not one of foreclosure upon these mortgages. They did, however, constitute relevant evidence of the indebtedness of the defendant. Having found the indebtedness in what amounts to a suit for an accounting against a trustee, the Chancellor adjudged the plaintiff a lien against these three pieces of property to secure the payment of the judgment. This he had authority to do aside from enforcement of the mortgages.
 
 
 8
 Id. at 598-99 (emphasis added) (citation omitted).
 
 
 9
 Under the distinction recognized in Savage, a plaintiff may obtain an in personam judgment on the underlying debt. This judgment acts as a lien upon the property which may then be enforced to satisfy the debt. In this case, the district court's order stated:
 
 
 10
 it is HEREBY ORDERED and ADJUDGED that the plaintiff, United States of America, recover of the defendant, William Anthony Johnson, the sum of $20,439.98, plus accrued interest in the amount of $1,120.54 as of March 19, 1979, plus additional interest at the daily rate of $4.90 from March 19, 1979, until date of judgment herein and interest thereafter on said judgment according to law until paid and that [the judgment] be adjudged a lien on the [mortgaged real estate]....
 
 
 11
 Jt.App. at 13 (Entry of Default Judgment and Order of Sale) (emphasis added). The court then ordered the United States Marshall to sell the property at public auction and apply the proceeds to the judgment. Id. at 14-15. Thus, the court entered an in personam judgment which became a lien on the property enforceable through public auction. As such, further satisfaction of the judgment by plaintiff does not require a separate deficiency judgment.
 
 
 12
 For all the foregoing reasons, we AFFIRM.
 
 
 
 [1]
 Under 31 U.S.C. § 3720A(a), federal income tax refunds may be seized to pay a valid debt owed to a government agency