## The Fidelity Realty Company, a Corporation v. The Flahaven Land Company, a Corporation.

(Decided January 10, 1922.

### Appeal from Fayette Circuit Court.

1. Deeds—Appeal and Error.—Where this court has once passed upon the sufficiency of a deed it will adhere to such ruling if the sufficiency of the same deed or certificate is assailed in a subsequent action.

2. Deeds—Construction.—If the description of a lot be susceptible of more than one construction which will affect its location, that construction put upon the description by the grantor and grantee at the time of the making of the deed will be conclusive and binding not only upon the parties to the deed but on all persons in privity with them.

GEORGE C. MORGAN for appellant.

JOSEPH S. BOTTS and GEORGE C. WEBB for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The appellee, the Flahaven Land Company, instituted this action against the Fidelity Realty Company in the Fayette circuit court for specific performance of the fol-

lowing contract for the sale of two lots on East Main street in the city of Lexington:

"Lexington, Ky., March 29, 1920.

"To Flahaven Land Company:

"We hereby offer and agree to purchase your property known as 221 and 223 East Main street, Lexington, Kentucky, with frontage of 41½ feet and depth of about 160 feet to alley in rear;

"For the sum of sixty-two thousand two hundred and fifty dollars ($62,250.00), payable one-third cash, balance on or before one and two years, deferred payments to be evidenced by two equal notes, bearing interest at the rate of 6%, interest payable semi-annually, and to secure said notes a lien is to be retained upon the property conveyed.

"You are to pay the state, county and city taxes for the year 1920.

"This offer is made upon the condition that you deliver to us on or before May 1, 1920, a good merchantable title, free from all encumbrance, except as above noted.

"We hereby tender our check for $1,000.00 in part payment for said property, same to be applied upon the first cash payment.

"Davis & Wilkirson, Agts."

"To Davis & Wilkirson, Agts.:

"We hereby accept the above offer, and acknowledge receipt of your check for $1,000.00.

"The Flahaven Land Co.
By Charles E. Eveleth, President."

After entering into the foregoing contract, which both parties acknowledge, the appellant, Fidelity Realty Company, paid $15,000.00 additional cash, making in all $16,000.00 paid on the purchase price of the two lots, but after examining the chain of title of the vendor to the said lots, and finding therein two alleged defects in the title hereinafter set out, the appellant vendee refused to accept from the vendor a general warranty deed which was tendered for the said property, pay the balance $4,750.00 of the cash installment, and to sign and deliver the two notes representing the deferred payments of the purchase price, hence this suit.

Appellants insist that the title tendered by the vendor is not a good merchantable one as provided by the contract above quoted, for the reasons: (1) One of the deeds in the chain of title of the vendor, which was made by Mrs. Mary Albea and husband on July 17, 1882, in the state of Texas to Katherine Mulich, was not properly authenticated by the officer who took the acknowledgment in the state of Texas, the said justice of the peace and ex officio notary public omitting to attach to his certificate the seal of his office as required by our statute, section 502; (2) the property is imperfectly and inaccurately described in one of the deeds in the chain of title under which the vendor claims. We will consider each of these objections to the sufficiency of the title in the order named.

1. It is admitted by appellant, Fidelity Realty Company, that the Albeas were the holders of a perfect title to the real estate in controversy at the time they undertook to convey the same to Katherine Mulich in 1882. After Miss Katherine Mulich acquired the property the city of Lexington improved the streets abutting thereon and charged the cost of said improvements to the property, which being unpaid the city enforced in an action styled City of Lexington v. Katherine Mulich, et al., in the Fayette circuit court. The property which is now under consideration was then sold under a judgment of that court in that action, but the purchaser discovering that the certificate of the officer made to the deed was imperfect, raised that question by exceptions filed to the report of sale made by the master commissioner of the court. After the Fayette circuit court passed upon the question presented by the exceptions to the sale, the case was brought by appeal to this court styled Barron v. City of Lexington, and reported in 32 Ky. Law Reporter, page 92, and we held said certificate of acknowledgment to said deed substantially good and sufficient to pass the title of the real property from the Albeas to Miss Mulich. Without again going into consideration of the several questions presented by this appeal, directly involving the sufficiency of the certificate of acknowledgment to the deed made by the Albeas to Miss Mulich in 1882, we think it sufficient to say that we adhere to our former ruling sustaining said certificate and holding the deed to pass perfect title from the Albeas, grantors to Miss Mulich, grantee.

2. The second objection to the sufficiency of the title of the vendor is even less substantial than the first. The misdescription complained of is alleged to be found in a deed of date April 8, 1903, from Miss Katherine Mulich to James Gilroy, in which Miss Mulich conveys to the said Gilroy a part only of the lot described as "Being on the north side of East Main street between Walnut and Dewesse, No. 173, fronting on said Main street 19 7/12 feet more or less, and running back at equal width 170 feet to an alley bounded as follows: 'Beginning at the point of the property, Katherine Mulich and running east with the line of Main street 19 7/12 feet more or less to the property of Kellar; thence north with the line of said Kellar about 170 feet; thence west and parallel with Main street 19 7/12 feet to line of said Mulich; thence south with same line 170 feet to the beginning; it being a part of the property conveyed to first party by Mary Albea and husband and recorded in deed book 65, page 335.'" It is insisted that the foregoing description is incorrect in its first line, which reads: "Beginning at the point of the property, Katherine Mulich and running *east* with the line of Main street 19 7/12 feet more or less to the property of Kellar." Kellar owned a lot adjoining the one in question. It is argued that in beginning at a point on the property of Miss Mulich at the edge of East Main street and running *east,* the line would run off the lot sold on to the property of another, but if Kellar's property was on the east side of the lot in question, then by beginning at a point 19 7/12 feet from Kellar's line and running east with the street to Kellar's line, the description is correct, but if on the other hand Kellar's property was on the west side of the lot in question, there would have been a misdescription, but as the parties at the time were agreed upon the exact spot of ground conveyed and the vendee was placed in the actual possession thereof, all difficulty is removed under a long line of cases in which we have held that such errors, typographical in their nature, occurring in conveyances, are explained and corrected by the contemporaneous construction put upon the language of the conveyances by the parties thereto. More than once have we held that a construction put on a deed by the parties in locating the premises may be resorted to in order to determine their intention when the language of the description renders the location of the land doubtful. (8 R. C. L., page 1075.) In this

case, however, there could be no confusion about the location of the 19 7/12 feet of the lot sold by Miss Mulich to Gilroy, for the line of Kellar being a fixed natural object determines and fixes beyond dispute the location of the property conveyed. No rule of law governing real property is better recognized than that distances yield to courses, and both courses and distances yield to natural objects. Combs v. Valentine, 144 Ky. 184; Stacey v. Alexander, 143 Ky. 152; Creech v. Johnson, 116 Ky. 441.

Applying this rule the use of the word *east* for the word *west*, if incorrect, fades into insignificance, for the property is located by beginning at the edge of East Main street at a point on the property of Miss Mulich 19 7/12 feet from the Kellar line and running with the edge of said East Main street to the Kellar line. There was no dispute whatever between the parties to the conveyances as to the correct location of the lot described in the deed, and there has never been any question except in this action about its correct location.

From a careful examination of the entire record we are thoroughly convinced that the two alleged defects or imperfections in the title of the vendor, Flahaven Land Company, to the lots in controversy relied upon by appellant, do not render the title imperfect or unmerchantable, but, on the contrary, the said grantor was at the time of the making of the deed tendered to the vendee the holder of a perfect title to all of the said property. The appellant, Fidelity Realty Company, should, therefore, have accepted the deed tendered by the vendor, paid the balance of the cash purchase price and executed its notes in accordance with the contract.

The judgment is therefore affirmed.