## Taylor v. Collins et al.

Jan. 30, 1945.

Willis Staton and Jean Auxier for appellant.

W. B. Taylor and L. J. May for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

After the death of Susan Maynard her heirs agreed to divide a tract of land left by her. On July 16, 1906, all executed deeds to each other for their respective shares.

The controversy in this action arose out of a dispute as to the location of the dividing line between two of the tracts. The line is described in one of the aforementioned deeds as follows:

"Beginning on a large beech standing near the beginning corner of R. Hurt deed, thence running up Sycamore Creek with its meanders to opposite the house where Thomas G. Maynard now lives, thence running on up the Creek to a Rock in the creek and small willow opposite a drain on the right, thence running up the above named drain to a bunch of English Chestnuts. * * *" The appellees claim under this deed. One of the other deeds, and under which the appellant claims, describes the line as follows:

"Beginning at a large beech standing near the creek the beginning corner of R. Hurt deed thence running up the creek to opposite a drain on the right thence with running up the drain with H. H. Maynard line to a chestnut. * * *"

The call in dispute has been changed by reversing it in the appellant's deed so that it reads, "Beginning on a planted stone marked thus (X) on bank of Sycamore Creek; thence down Sycamore Creek to a beech at the mouth of Wolfpin. * * *" Likewise the call has been changed in the appellees' deed to read, "* * * thence down to Sycamore creek the line of Ella Lowe thence down Sycamore Creek with the line of Ella Lowe to line of Floyd Burchette. * * *" The Ella Lowe tract is the one now owned by the appellant. Ella Lowe was an heir of Susan Maynard.

It will be noted that, according to the description in the first deed, the line made by the creek consists of two calls. Both parties claim the creek formed an "elbow." The appellant claims the point of the elbow extended toward the house mentioned. According to a plat filed in the record the elbow now points in the other direction. The appellee claims that it should extend farther than it does and that a part of the appellant's barn now stands on what was formerly the bed of the creek before the appellant forced the stream away from the barn location, causing it to cut a new course over a part of his land. The appellant contends that his deed,

which calls for a stone to a beech, can be nothing less than a straight line and as the appellee's deed calls for "the line of Ella Lowe" the meanders of the creek have nothing to do with the exact location of the dividing line.

In addition to exhibits the evidence consists of conflicting testimony of a number of witnesses concerning the location of the creek bed and the present location of the beech and stone and their location thirty-five or forty years ago. The rock appears to have been carried down stream a few feet from the mouth of the drain by floods and debris and the beech which is supposed to have stood somewhere in the vicinity of the mouth of Sycamore Creek seems to have disappeared many years ago. Both parties are charged with placing abutments, logs, brush and stone on the banks of the creek in an attempt to divert the stream from their own property onto the land of the other. Two of the original grantors, heirs of Susan Maynard, said that their brother, H. H. Maynard, got one side of the creek and their sister, Ella Lowe, the other. They also testified that the bed of the stream had changed very little in the past forty years.

The chancellor adjudged that the true line between the property of the parties runs with the meanders of Sycamore Creek as it now flows and enjoined both parties from obstructing the channel of the stream .in any manner.

The appellant cites and relies upon numerous decisions of this Court to the effect that courses and distances must yield to calls for the lines of other patents which are of record and susceptible of definite and certain location. Rock Creek Property Co. v. Hill, 162 Ky. 324, 172 S. W. 671. He insists that his deed calls for a straight line, that the same call in appellees' deed depends upon the location of this straight line and the rule just stated should apply. On the question as to whether the dividing line between the two tracts is a straight line, thus giving to the appellant a triangular strip of land on the appellees' side of the creek, there is testimony to the effect that it was the intention that the creek be the dividing line when the Susan Maynard tract was partitioned. The first deed made at that time called for the "meanders of the creek," and neither of the parties have ever exercised any acts of ownership or control of any land on the opposite sides of the stream

from their respective farms. By their actions they have recognized the stream as the boundary line between their lands.

Even should we accept the appellant's strict construction of the description in his deed, that is, from the stone in a straight line to the beech, and this line conflicted with the recognized natural object, the course in his deed would have to yield to the natural object. When the deeds of partition were executed there could have been no dispute between H. H. Maynard and his sister, Ella Lowe, because his deed called for the meanders of the creek and her deed calls for a line up this creek, thence with Maynard's line. Obviously, it was clear to those parties that Sycamore Creek was a well defined natural object and was recognized by them as the dividing line. So far as this record shows, no dispute as to the line in question has ever arisen between any of the intervening owners of these tracts from 1906 until this action was filed. We think the chancellor properly disposed of the action.

Judgment affirmed.