## Souleyrette et al. v. York et al.

March 12, 1948.

Rehearing denied June 18, 1948.

B. J. Bethurum and C. Homer Neikirk for appellants.

W. N. Flippin for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Affirming.

This case involves a controversy over a small strip of land in Pulaski County. The plaintiff below, appellant here, brought suit against the defendant, appellee, to recover possession of the property and to enjoin the defendant from trespassing thereon. The Chancellor found for defendant and adjudged him to be the owner.

In 1923 the Commonwealth of Kentucky issued to plaintiff and others a patent for 40 acres of land. The description in so far as important here reads (our italics): "Beginning at a black oak Sam Lewis corner thence *with Alpine Coal Co. line S 41 E 68 poles to Jacksboro road.*"

In 1940 a patent to an adjoining tract was issued to defendant. The description in that patent in so far as important here reads (our italics): "Beginning at a stone at the corner of Sam Lewis field thence *S 41 E found to be S 51 E 68 poles* to a stone in highway 27 H. P. Sauleyret's corner."

If the call S 41 E in plaintiff's patent is correct, then the line described as S 51 E in defendant's patent overlaps plaintiff's land. The ownership of this strip between the above two lines is in controversy. Defendant has erected thereon a dwelling house.

The parties are not in disagreement regarding the beginning point; i. e., the Sam Lewis corner. Defendant contended, and his position was upheld by the Chancellor, that the *Alpine Coal Company* line does not run S 41 E but does run S 51 E, as described in defendant's patent.

Defendant introduced prior deeds describing the Alpine Coal Company property, and those deeds referred to the line from a black oak as "S 53 E." It is claimed that with proper magnetic compass variation this line is properly S 51 E. On the other hand, plaintiff

insists that the line referred to in his patent is correct as written, and that S 41 E is the Alpine Coal Company line. A surveyor testified for the plaintiff to the effect that he had run this line as described in plaintiff's patent, and that there were marks on trees which indicated its proper course. In addition, there was some evidence that the boundary as claimed by plaintiff was known as the Alpine Coal Company line.

In opposition, evidence was produced by defendant to prove the line described in plaintiff's patent was not the proper one and was inaccurate as a boundary. Defendant's evidence also shows that he had actually taken possession of this strip by constructing a house thereon, without objection upon the part of the plaintiff who had notice of defendant's action.

It is very difficult from this record to determine positively which is the proper line. The patents and the deeds appear to contain numerous inaccuracies, and there was not sent to this Court the maps introduced in evidence.

As a legal proposition the course and distance set out in plaintiff's patent must yield to the boundary line of the Alpine Coal Company, if such can be established. Rock Creek Property Co. v. Hill, 162 Ky. 324, 172 S. W. 671; Fidelity Realty Co., a Corporation v. Flahaven Land Co., a Corporation, 193 Ky. 355, 236 S. W. 260; Gilbert v. Tribble et al., 205 Ky. 223, 265 S. W. 621. Defendant introduced substantial evidence that the Alpine Coal Company line is the same as the one described in his patent, and therefore the two patents do not overlap. This evidence was sufficient to support the finding of the Chancellor.

Plaintiff insists, however, that even if the above conclusion is correct, he was actually in adverse possession of the controverted strip for the statutory period, fifteen years, 413.010, KRS. On this point we think the plaintiff failed to prove actual adverse possession. Since he claimed only to the correct Alpine Coal Company line, he did not have either actual or constructive possession of the land here in dispute.

For the reasons stated, the judgment is affirmed.