## Schultz et al. v. Maxey et al.

April 30, 1948.

Harry K. Aurandt and R. Howard Smith for appellants.

John H. Klette for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This suit was brought by neighboring property owners to enjoin the obstruction by appellants of a public

roadway in a Kenton County real estate subdivision. The Chancellor found for appellees, and granted a permanent injunction. On this appeal appellants contend that the judgment is contrary to the law and evidence.

In 1941 one of the appellees subdivided a large tract of land known as the Crisler Subdivision. A plat of this area was made, which had marked on it a meandering roadway labeled "Winding Way Ave." Neither the width of this road nor any calls for it were shown on the plat. However, the widths and depths of the lots abutting it were designated.

Sometime after this subdivision was laid out an auction was held on the premises. At that auction appellants, and some of the appellees, purchased lots on opposite sides of Winding Way. The plat, which we have before mentioned, was exhibited to the prospective buyers (including appellants) at the time the lots were sold. This plat showed appellants' lots (seven in number) on the north side of Winding Way as having depths of from 540 to 770 feet.

There is some slight discrepancy in the evidence, but it was substantially proven by appellees that at the time appellants purchased their property Winding Way had been visibly marked out on the ground through the subdivision. Prior to the auction sale a roadway approximately 50 feet in width had been graded with a bulldozer; a 10 foot strip in the middle had been covered with crushed stone and gravel; and the outer boundaries had been marked with stakes.

After purchasing the property, the appellants had a survey made. From a well-defined boundary on the north end of their lots to the north boundary of Winding Way as claimed by appellees, this survey indicated a depth shortage of approximately 90 feet on each of appellants' lots. Appellants concluded that Winding Way was actually 90 feet further south, and they thereupon constructed a fence which blocked the roadway as laid out on the ground. It was to force the removal of this fence and to establish the proper location of Winding Way that suit was filed by appellees.

Appellants insist that the location of the roadway must be established by beginning at a definitely ascer-

tainable point on the northern boundary of their lots and following the calls and distances in their deed. On the other hand, appellees take the position that Winding Way was a fixed visible boundary at the time appellants bought their property, and the courses and distances in appellants' deed must yield to the roadway as an established object. We are of the opinion that appellees' contention, upheld by the Chancellor, must prevail.

A portion of the description in appellants' deed is as follows.

"thence South 41 degrees 30′ East 600 feet to a stake on edge of Winding Way Avenue; thence along Winding Way South 20 degrees West 200 feet to a stake; thence North 45 degrees 30′ West seven hundred and forty (740) feet to the beginning."

It is obvious from the above description and the plat of the subdivision that the southeastern boundary of appellants' property is the northern edge of Winding Way Avenue. If such roadway actually existed, it is well settled that the courses and distances in appellants' deed must yield to it as a known and clearly defined physical object. See Dupoyster et al. v. Miller, Sr., 160 Ky. 780, 170 S. W. 182; the Fidelity Realty Company, a Corporation, v. the Flahaven Land Co., a Corporation, 193 Ky. 355, 236 S. W. 260; Jacobs et ux v. Johnson, 227 Ky. 785, 14 S. W. 2d 200; Taylor v. Collins et al., 299 Ky. 290, 185 S. W. 2d 388. The Dupoyster case, first cited above, involved a road as a boundary as in the case before us.

The proof is convincing that at the time appellants purchased their property, Winding Way Avenue had been graded, partially surfaced, and was definitely and visibly marked out on the land. This established object must be accepted as one of the boundaries of appellants' property. The evidence amply supports such finding by the Chancellor.

For the reasons stated, the judgment is affirmed.