Laura PEMBERTON et al., Appellants,

v.

Earl L. OSBORNE et al., Appellees.

Court of Appeals of Kentucky.

Oct. 30, 1959.

Rehearing Denied March 25, 1960.

M. C. Redwine, Redwine & Redwine, Winchester, for appellants.

William O. Hays, J. Smith Hays, Blake H. Page, Winchester, for appellees.

STEWART, Judge.

The issue raised in this appeal is whether the lower court properly located an alley with reference to the north line of defendant-appellees' lots. A jury was impaneled to try the question and, at the conclusion of all the evidence, a motion by appellees for a directed verdict was sustained. This appeal is from the judgment entered.

Appellees, Earl L. Osborne and Margaret T., his wife, are the owners of lots numbered 19 through 24, as shown on the plat of Waveland Heights Addition to the City of Winchester, which addition is situated near the city limits thereof. This plat was placed of record June 12, 1924, in the Clark County court clerk's office, and shows that all the lots in the subdivision at its southern boundary line border upon the north right-of-way line of Lexington Road, now U. S. Highway No. 60. The lots abutting on the highway are revealed to be 25 feet wide (except one) and to extend northward a distance of 167½ feet to a 15-foot alley, the latter running the full length of the subdivision and parallel to the highway.

The right of way of the highway at the date the plat was recorded, and continuing up to the present time, was, and still is, 50 feet in width. The paved surface of it at all points opposite the subdivision is 37 feet in width, or 18½ feet on each side of the center line, leaving 6½ feet on each side of the center line unpaved. In 1935 the Department of Highways of Kentucky reconstructed the highway, and easements were granted to the Department by the abutting property owners of lots in Waveland Heights Addition, which provided for the temporary use of 10 additional feet on the north side of the right-of-way line then existing. The evidence conclusively established that the 10 additional feet reverted to the abutting property owners upon the completion of the new highway.

Appellees acquired their lots in 1951 from Laura Pemberton, one of the appellants herein, and erected a drive-in restaurant, called "Ritz Dairy Bar", on the premises, and blacktopped the surface of most of their property surrounding the building. In 1958 appellees extended the area of the blacktop. Appellant, Laura Pemberton, who owns two lots situated north of the alley in dispute and which lie directly behind appellees' lots, filed this action, alleging that the last paving done by appellees now covers more than half the alley. Charles Prater, claiming he is under a contract to buy the two lots of appellant, Laura Pemberton, north of the alley, joined with her as a party plaintiff. They jointly asked that appellees be permanently enjoined from appropriating any portion of the alley to their exclusive use and they also sought damages in the amount of $2,500.

Appellants insist that, in order to locate the alley, the survey should start from certain fence posts and stakes and retaining walls, which they introduced proof to show had defined the boundary of the alley since it was laid out in 1924. Appellees countered with a good deal of evidence which tended to indicate that certain boundary markers had been moved by appellants after the complaint was filed in this suit.

Appellants had a survey made by Lewis Baldwin, an engineer, and his testimony was to the effect that the measurements he obtained were not intended to reflect or confirm any boundary markings indicated on the plat. Baldwin said he was told to begin his survey from certain fence posts and retaining walls, pointed out by appellants' attorney. According to Baldwin, he started at a house foundation, to the north of the highway. He explained he made no effort to determine the location of the right-of-

way line of the highway in front of appellees' property.

Thus, when the distances set out in the plat were run backward by Baldwin, so to speak, from the starting points in the alley selected by appellants' counsel, toward the highway, the calls affecting the length of the lots ended up out in the road somewhere south of the north right-of-way line of the highway. To compensate for this variance in Baldwin's calls as compared with those in the plat, appellants contended and undertook to prove below that Laura Pemberton owned up to the paved edge of the road and that she sold appellees lots whose southern boundary was the north edge of the paved surface of the highway.

The surveyors offered by the appellees, namely, Harry C. Black and M. G. Taylor, Jr., testified they located their beginning point in the north right-of-way line of the highway, checked this point with the existing fence lines of other lot owners up and down the highway, compared this starting place, further, with the map of the Department of Highways, made in 1935 when the road was reconstructed and the reversionary easements obtained, and thence measured northward a distance of 167½ feet where they located the alley as it appears on the plat of Waveland Heights Addition. According to them, their survey, which it is noted coincided with the calls of the plat, established that the paving which had been done by appellees was 6 feet from the south line of the alley.

Since each party here claims by deed which gives no metes and bounds but refers to the plat of Waveland Heights Addition, it is there that we must go also to resolve the issue raised. At the time the plat was made, the Lexington Road (now U. S. Highway No. 60) was a clearly established, well-defined physical object, 50 feet in width from the south edge to the north edge of the right of way. The north line of this highway must be the starting point in determining the depth of the lots owned by appellees and also in locating the boundary of the al-

ley. See Schultz v. Maxey, 307 Ky. 325, 210 S.W.2d 950. Once this is determined, it is then merely a matter of following the plat and measuring 167½ feet north from the fixed north line of the highway to locate the alley. Having thus located it, it is obvious that appellees have not obstructed it, but, on the contrary, have paved only within 6 feet of it. It is inconceivable the original subdivider intended that the south border of any lots in Waveland Heights Addition should extend into the right of way to the paved surface of the road, as here contended by appellants. It would have been impossible to convey what this person did not own.

■ By her own easement given in 1935 to the Department of Highways, appellant, Laura Pemberton, conceded the south line of the lots she conveyed appellees was located 25 feet from the center of the road, which would be the north line of the right of way. This fact in itself estops appellants from claiming that the southern boundary of appellees' lots extends to the north edge of the paved surface of the highway.

■ A procedural question is next raised by appellants. They insist appellees alleged no counterclaim nor made any demand of an affirmative nature, so that the findings of fact of the trial court and the judgment, to the extent they located the position of appellees' lots and determined the paving done by them did not encroach upon the alley, awarded them relief unsupported by any pleadings. In pressing this proposition, appellants rely upon cases applicable to the rules of procedure under the Civil Code of Practice. These restrictive decisions, however, are no longer controlling under the new Rules of Civil Procedure in effect since July 1, 1953.

In the instant case, assuming arguendo appellees were granted relief not asked for by any pleading, the evidence unerringly developed without objection the very issue it was necessary for the lower court to resolve in order to adjudicate the respective

rights of the parties. The issue was the location of the alley boundaries with reference to the north line of appellees' lots. These boundaries being determined, the questions of the right to injunctive relief and the right to damages could be, and were, passed upon. The procedure followed in the trial of this case is authorized by CR 15.02. See also Clay, CR 15.02, Comment 3. We should add CR 54.03 entitled appellees to receive the type of relief given them, even though they had not made any demand therefor.

The final complaint concerns the refusal of the trial judge to allow the jury to view the premises in controversy. KRS 29.301 permits the judge to use his discretion when such a request is made, and we do not believe, under the circumstances, he acted in a prejudicial manner when he decided an inspection of the property in controversy by the jury was not necessary.

Wherefore, the judgment is affirmed.