James H. MARCUM et al., Appellants,

v.

Woodrow CANTRELL et al., Appellees.

Court of Appeals of Kentucky.

Dec. 2, 1966.

Lowell T. Hughes, Ashland, for appellants.

Morton C. Nickell, Ashland, for appellees.

CLAY, Commissioner.

This is a suit to quiet title to a 10-foot wide strip of land which constitutes a passway from appellees' home to a street in a subdivision. The Chancellor adjudged appellees to be the owners and enjoined appellants from obstructing it. Several questions are raised on appeal.

In 1961, one Waggoner conveyed to appellees a triangular lot. After the execution of the contract of sale and prior to the deed, a 10-foot passway was built from the house on the lot to a street. The courses and distances description in the *contract* encompassed the passway. The metes and bounds description in the *deed* cut off a portion of this passway area, but the description referred to the "east" side of the passway, which would include all of it within the bounds of the property conveyed.

Subsequently Waggoner sold adjoining property to appellants and this deed referred to the "southeast" boundary of the passway (which for practical purposes was the same as the "east" boundary in appellees' deed). However, strictly following

the courses and distances description in the last deed, appellants' boundary overlapped an integral part of the passway.

Appellants put a fence across the passway at a point they considered their boundary line. Thereafter appellees sued their original grantor, Waggoner. Following a summary judgment in that suit, appellants and Waggoner changed one of the boundary lines, apparently in recognition of appellees' claim to the passway. However, this change did not adequately correct the discrepancies between the courses and distances descriptions and the passway boundary in the deeds. (It really compounded the discrepancies.)

Thereafter appellees sued appellants, and that is the suit we have before us.

■ It is first contended that the matter in controversy was res judicata because the same issue was litigated in the suit by appellees against Waggoner. That was a suit for breach of warranty based on the claim that Waggoner had sold to appellants a portion of the land previously conveyed to appellees. The judgment entered in that case (according to appellants' own statement in their brief) had "the effect of holding that Waggoner did not sell to Marcum (appellants) the disputed property". If anything, that judgment is more favorable to appellees than appellants. However, it did not decide the issue here involved, which is the location of the passway boundary line between appellants' and appellees' tracts.

The judgment in that case simply recognized that the boundary lines in the two deeds (whatever they were) did not overlap. The precise location of the passway boundary line (on the ground) was not litigated or determined. The judgment in the former case, and in this case, are completely consistent. We find no basis for the application of the res judicata rule.

Appellants next contend the court erroneously failed to find they were bona fide purchasers without notice. The evidence is clear that appellants had notice of this passway when they purchased their property, but in any event, this issue has no bearing on the decision ultimately reached by the Chancellor.

The basic finding of the Chancellor was that the references in the deeds to the passway boundary line were references to a monument, and it prevailed over the courses and distances descriptions where they were inconsistent. Appellants contend that the descriptions in the deeds platted perfectly without overlapping and therefore the Chancellor could not go beyond those descriptions. The difficulty with this position is that while appellants' courses and distances descriptions were originally accurate, the references to the passway boundary created a latent ambiguity in the deeds. Therefore, that discrepancy must have been resolved, and the Chancellor did so by utilizing the passway boundary line.

■ It is said in 12 Am.Jur.2d, Boundaries, section 10 (page 554):

"Boundary lines may be indicated by courses and distances as well as by monuments, or by both monuments and courses and distances. In the event of an inconsistency between the monuments and the courses and distances described, the general rule is that resort is to be had to the monuments whether natural or artificial, and then to courses and distances * * *."

■ We have no hesitancy in saying that the passway which existed in this case constituted a monument, and was of controlling importance. As said in Schultz v. Maxey, 307 Ky. 325, 210 S.W.2d 950, 951:

"It is obvious from the above description and the plat of the subdivision that the southeastern boundary of appellants' property is the northern edge of Winding Way Avenue. If such roadway actually existed, it is well settled that the courses and distances in appellants' deed must yield to it as a known and clearly defined physical object."

Since the passway in dispute actually existed when the deeds were executed, it constituted a prevailing monument.

It is next contended the Chancellor erred when he intimated in his written opinion that appellants' deed was champertous to the extent appellants attempted to purchase the land occupied and used by appellees as a passway. We are inclined to accept the court's view on this question, but it is unnecessary to pass upon it because it was not the basis of the Chancellor's decision.

What we have said above also answers appellants' contention that the court erroneously indicated that the disputed property constituted an appurtenance. Whether it was or not, the decision did not rest on that finding.

 Appellants' final contention is that they were entitled to damages. This would be so only if their title was slandered, which the Chancellor held, and we are confirming, was not the case.

The judgment is affirmed.