**WATERFIELD MORTGAGE COMPANY, Plaintiff,**

v.

**Warren HARRINGTON and Carol Jean Harrington, Defendants and Third-Party Plaintiffs,**

v.

**Robert P. NIMMO, Ralph Smith, Third-Party Defendants.**

**No. C–2–86–0715.**

United States District Court, S.D. Ohio, E.D.

Jan. 29, 1987.

Jeffrey V. Laurito, Dayton, Ohio, for plaintiff.

Paul H. Spaeth, Columbus, Ohio, for defendants and third-party plaintiffs.

Dale Williams, Jr., Asst. U.S. Atty., Columbus, Ohio, for third-party defendants.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter comes before the Court to consider the third-party defendants' motion to dismiss defendants' amended third-party complaint.

This action was originally commenced by plaintiff, Waterford Mortgage Company, in the Court of Common Pleas for Franklin County, Ohio. Plaintiff brought this action against defendants, Warren and Carol Jean Harrington, seeking judgment on a promissory note and foreclosure on a real estate mortgage held by plaintiff on certain real estate described in the complaint. The mortgage in question is one insured by the Veterans Administration (V.A.). Defendants in turn filed an amended third-party complaint naming Robert P. Nimmo, Administrator of Veterans Affairs, and Ralph Smith, Regional Office Director for the V.A., as third-party defendants. The third-party defendants thereafter removed this action to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. The propriety of removal is not disputed by the parties. This matter is now before the Court on the third-party defendants' motion to dismiss defendants' amended third-party complaint.

The basic facts of this case are not in dispute. Defendants are in default on the V.A.-insured mortgage held by plaintiff. As a defense to plaintiff's foreclosure action, defendants contend that plaintiff and the V.A. failed to comply with the provisions of 38 U.S.C. § 1801, et seq. and 38 C.F.R. § 36.4300, et seq., relating to servicing of mortgages insured by the V.A. Specifically, pursuant to 38 U.S.C. § 1816, defendants contend that plaintiff and the V.A. have a duty to protect the veteran mortgagor from foreclosure and to consider various available alternatives, including assignment, in an effort to avoid foreclosure. The third-party defendants contend that as a matter of law improper servicing of a V.A.-insured mortgage is not a defense to plaintiff's foreclosure action. Therefore, the third-party defendants move for dismissal of the amended third-party complaint on the grounds that defendants have failed to state a claim upon which relief may be granted. See Federal Rule of Civil Procedure 12(b)(6).

Having reviewed the applicable case law, the Court concludes that there is no express or implied private right of action against the V.A. pursuant to 38 U.S.C. § 1816 for failure to adequately service the mortgage and avoid foreclosure. As previously noted in this District by Chief Judge Rubin, "this defense has been rejected in at least five circuits and at least three times within this district." *United States v. Rice,* No. C–1–85–038 slip op. at 2 (S.D. Ohio 1986) [Available on WESTLAW, DCT database]. *See Bright v. Nimmo,* 756 F.2d 1513, (11th Cir.1985); *Rank v. Nimmo,* 677 F.2d 692 (9th Cir.), *cert. denied,* 459 U.S. 907, 103 S.Ct. 210, 74 L.Ed.2d 168 (1982); *Gatter v. Nimmo,* 672 F.2d 343 (3d Cir. 1982); *United States v. Harvey,* 659 F.2d 62 (5th Cir.1981); *Simpson v. Cleland,* 640 F.2d 1354 (D.C.Cir.1981); *United States v. Tabor,* No. C–2–82–327 slip op. (S.D.Ohio 1985) (Holschuh, J.); *Leader Mortgage Co. v. Russell,* No. C–2–84–53 slip op. (S.D.Ohio 1984) (Duncan, J.) [Available on WESTLAW, DCT database]; *United States v. F.A.M.A. Housing Development, Inc.,* No. C–1–83–1982 slip op. (S.D.Ohio 1984) (Rubin, C.J.) [Available on WESTLAW, DCT database].

The courts that have considered this defense have concluded that the provisions of 38 U.S.C. 1801 *et seq.,* as well as the manuals and handbooks which outline procedures for servicing of V.A.-insured mort-

gages, are only permissive in nature. *See Harvey,* 659 F.2d at 64–65. The Court expressly adopts this position and finds that defendants do not have an express or implied right of action against the third-party defendants. Therefore, the Court concludes that defendants' amended third-party complaint must be dismissed for failure to state a claim upon which relief may be granted.

Having determined that dismissal is appropriate with respect to the only claim which implicates this Court's federal question jurisdiction, the Court declines to exercise pendant jurisdiction over plaintiff's state law claim for foreclosure. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The Court notes specifically that "mortgage foreclosure has traditionally been a matter for state courts and state laws...." *Roberts v. Cameron-Brown Co.,* 556 F.2d 356, 361 (5th Cir.1977). The Court concludes, therefore, that this matter should be resolved in the state court where it was originally commenced.

WHEREUPON, upon consideration and being duly advised, the Court finds the third-party defendants' motion to dismiss the amended third-party complaint to be meritorious and it is, therefore, GRANTED. Defendants' amended third-party complaint is hereby DISMISSED.

FURTHER, the Court hereby REMANDS plaintiff's state law foreclosure claim to the Court of Common Pleas for Franklin County, Ohio.

IT IS SO ORDERED.