**FIRST FAMILY MORTGAGE CORP. OF FLORIDA (87–3517), Plaintiff,**

**Federal National Mortgage Association (87–3518), Plaintiff–Appellee,**

**GMAC Mortgage Corp. of Pa. (87–3908), Plaintiff,**

v.

**Elisha EARNEST, Jr., et al. (87–3517), Amelia P. Brown (87–3518), James H. Roberts, Jr. (87–3908), Defendants and Third Party Plaintiffs–Appellants,**

**Jane Doe Roberts (87–3908), Michael G. Carlisle, et al. (87–3518), Defendants,**

v.

**Robert P. NIMMO, Administrator of Veterans Affairs, et al. (87–3517/3518/3908), Third Party Defendants–Appellees.**

Nos. 87–3517, 87–3518 and 87–3908.

United States Court of Appeals,
Sixth Circuit.

Argued April 7, 1988.

Decided July 14, 1988.

Sue Livensparger (argued), Legal Aid Soc. of Cincinnatti, Joseph V. Maskovyak, Cincinnatti, Ohio, for defendants and third party plaintiffs-appellants.

Dennis Reimer, Twins-urg, Ohio, Kriss D. Felty, for First Family Mortg.

Steven Buchenroth, Columbus, Ohio, for Federal Nat. Mortg.

Joseph E. Kane (argued), Asst. U.S. Atty., Columbus, Ohio, for Nimmo.

John G. Neal, Columbus, Ohio, for Barclays American.

Dale Williams, John Q. Braud, Asst. U.S. Atty., Columbus, Ohio, for third party defendants-appellees.

Before WELLFORD and NELSON, Circuit Judges, and PECK, Senior Circuit Judge.

WELLFORD, Circuit Judge.

Defendants-third party plaintiffs in these several mortgage foreclosure actions seek to defend against foreclosure actions against them and their residences by suing the Veterans' Administration (VA), which insured the mortgages at issue, for alleged failure to monitor the mortgagees' servicing activities and to review adequately the prospects of taking assignment of the mortgages. The district court dismissed the third-party complaints against the VA on the grounds that no cause of action lies for judicial review of the VA's failure to take foreclosure-avoidance measures or to take assignment of an insured loan. We agree with the district court and all the courts of appeals that have addressed the issue, and affirm the judgments below.

This appeal consolidates three separate actions, each of which involves the same basic factual pattern. The third-party plaintiffs are the obligors on home mortgages insured by the VA. The mortgagors defaulted on the mortgages, and the lender mortgagees filed foreclosure actions in state court. Prior to the institution of the foreclosures, the VA did not offer to the mortgagors the opportunity to refund and assign their mortgages to the VA, as permitted in 38 U.S.C. § 1816. The third-party plaintiffs contended not only that the VA had failed to monitor properly the lenders' servicing of their loans prior to foreclosure but also failed to provide supplemental servicing of the loans to avoid foreclosure following default.

The VA removed the actions to the district court, which dismissed the third-party complaints for failure to state a claim on which relief may be granted and remanded the remainder of the actions to state court. These appeals followed and present for our consideration the following issue: Whether a mortgagor has a cause of action against the VA arising from the VA's alleged failure to monitor properly lender servicing of a VA-insured mortgage and to take assignment of the mortgage.

Every federal court of appeals that has considered whether a cause of action lies for judicial review of the VA's alleged failure to take foreclosure avoidance measures or to take assignment of ("refund") an insured mortgage has held that a mortgagor does not have such a right of action. *See Bright v. Nimmo*, 756 F.2d 1513 (11th Cir.1985); *Rank v. Nimmo*, 677 F.2d 692 (9th Cir.), *cert. denied*, 459 U.S. 907, 103 S.Ct. 210, 74 L.Ed.2d 168 (1982); *Gatter v. Nimmo*, 672 F.2d 343 (3d Cir.1982); *United States v. Harvey*, 659 F.2d 62 (5th Cir. 1981); *Simpson v. Cleland*, 640 F.2d 1354 (D.C.Cir.1981). The district courts in this circuit have reached the same conclusion. *See Waterfield Mortgage Co. v. Harrington*, 657 F.Supp. 1368 (S.D.Ohio 1987); *United States v. Rice*, No. C-1-85-038 (S.D.Ohio 1986) [available on WESTLAW, 1986 WL 15624]; *United States v. Tabor*, No. C-2-82-327 (S.D.Ohio 1985) [available on WESTLAW, 1985 WL 9074]; *Leader Mortgage Co. v. Russell*, No. C-2-84-53 (S.D.Ohio 1984) [available on WESTLAW, 1984 WL 5296].

█ We agree with the conclusions reached by these courts in addressing the issues regarding a mortgagor's asserted cause of action against the VA. First, we find it clear that the informal VA publica-

tions relied on by appellants [1] do not have the "force and effect of law" such that they may be judicially enforced against the VA. These publications contain general statements of agency policy and procedure intended to guide either lenders or VA employees. The publications are not substantive regulations that have the "force and effect" of law under *Chrysler Corp. v. Brown,* 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979), and therefore they do not create an enforceable, mandatory "foreclosure avoidance duty" or "refunding duty" on the part of the VA. In considering similar publications, the Court of Appeals for the Third Circuit has held:

> The documents satisfy none of the criteria which have been developed by the courts to determine whether agency regulations have the force of law. They have never been published in the Federal Register. They have not been promulgated with the procedural requirements for rulemaking. They have never been intended for or used by anyone other than VA employees. The manual and circulars must be characterized as "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b)(A). Such non-substantive rules are not judicially enforceable.

*Gatter v. Nimmo,* 672 F.2d at 347 (citations omitted); *see also Rank v. Nimmo,* 677 F.2d at 698; *United States v. Harvey,* 659 F.2d at 64.

■ Second, even if the VA publications at issue created a mandatory duty on the VA's part to engage in foreclosure avoidance measures or to take specific steps regarding the refunding of insured mortgages, appellant mortgagors have no express right of action against the VA in

federal court based on the VA Act or VA publications.[2] Judicial review of agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ("APA"), is not available when action is committed to agency discretion. 5 U.S.C. § 701(a)(2). The statutory language regarding assignment, which provides that "the Administrator may, at the Administrator's option," refund the mortgage, 38 U.S.C. § 1816(a),

> makes clear that Congress intended to vest the widest discretion possible in the Administrator. Congress, in drafting § 1816(a), used the precatory "may" and then, as if to leave no doubt, added, *"at the Administrator's option."* Neither the statute nor the formal regulations ... provide any legal standards by which a decision to assign and refund could be reviewed....

*Rank v. Nimmo,* 677 F.2d at 699–700 (emphasis in original); *see also Gatter v. Nimmo,* 672 F.2d at 345. We agree with this rationale and conclude also that assignment is committed to agency discretion and hence is not reviewable under the APA.

■ Similarly, a mortgagor has no statutory basis on which to bring an implied private right of action seeking to enforce duties against the VA. *Cf. Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–88, 45 L.Ed.2d 26 (1975) (articulating four-pronged test for determining whether a private right of action exists under a statute).

> Appellant in this case cannot demonstrate that any specific statute creates a federal right in his favor. He lacks a statutory basis for his action. The V.A. publications on which he relies are not sufficient as the basis for his suit. Nor has appellant cited any statutory language or legislative history which even

1. Appellants cite several publications that the VA has issued to lenders and VA employees regarding the servicing of VA-insured mortgages and argue that these publications impose a duty on the VA to take foreclosure avoidance measures and to consider specific criteria in deciding whether to refund a mortgage. In particular, appellants rely on Section F of the VA *Lender's Handbook* regarding loan servicing and on an addition to the DVB Manual for VA employees regarding refunding criteria. DVB Interim Issue 26–83–18, paragraph (d).

2. The broad policy of the VA housing program is "to enable veterans to obtain loans and to obtain them with the least risk of loss upon foreclosure, to both the veteran and the Veterans' Administration as guarantor of the veteran's indebtedness...." *United States v. Shimer,* 367 U.S. 374, 383, 81 S.Ct. 1554, 1560, 6 L.Ed.2d 908 (1961). The home loan provisions of the VA Act, 38 U.S.C. § 1801 *et seq.,* its implementing regulations, and publications of the VA relating thereto are thoroughly described in *Rank v. Nimmo,* 677 F.2d at 693–95.

arguably indicates a "legislative intent" to establish a private right of action in a case such as this.

*Simpson v. Cleland,* 640 F.2d at 1360. In addition, mortgage foreclosure and defenses to foreclosure traditionally are matters of state law. *Id; Rank v. Nimmo,* 677 F.2d at 697; *Roberts v. Cameron–Brown Co.,* 556 F.2d 356, 361 (5th Cir.1977). We too "consider it most improbable that the VA Act was intended to authorize the federal courts to create, with respect to the area of VA-guaranteed home loans, a federal common law of mortgages to supplement or supplant the law provided by the states." *Rank v. Nimmo,* 677 F.2d at 697 (footnote omitted).

In sum, we find the reasoning of the other federal courts that have considered the instant issue to be well-grounded and persuasive. Having carefully considered the briefs and the arguments of the parties, we likewise hold that a mortgagor has no right of action in federal court against the VA to enforce duties relative to a VA-insured mortgage. Accordingly, we affirm the judgments of the district courts dismissing the third-party actions against the VA and remanding the remaining foreclosure actions to state court.