**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-2021**
_____

PAUL WRIGHT,

        Plaintiff - Appellant,

    v.

WELLS FARGO BANK, NA; SECRETARY OF VETERANS AFFAIRS; SECRETARY OF EDUCATION,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Joseph Dawson, III, District Judge.  (6:22-cv-00261-JD)

_____

Submitted:  December 21, 2023                          Decided:  January 4, 2024

_____

Before THACKER and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Paul Wright, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Wright appeals the district court's order accepting the recommendation of the magistrate judge and dismissing without prejudice Wright's civil complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  We have reviewed the record and find no reversible error.

As a pro se litigant, Wright cannot litigate issues regarding a student loan to which he admits in his complaint he is not a party.  *See Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for *oneself* . . . does not create a coordinate right to litigate for *others*.").  The district court lacked jurisdiction to consider Wright's claim that the Department of Veterans Affairs ("the VA") has improperly revoked his eligibility for future VA guaranteed loans.  *See* 38 U.S.C. §§ 7252, 7292; *First Fam. Mortg. Corp. of Fl. v. Earnest*, 851 F.2d 843, 844-45 (6th Cir. 1988) (collecting cases and holding "a mortgagor has no statutory basis on which to bring an implied private right of action seeking to enforce duties against the VA").  Wright's breach of contract claims are barred by the three-year statute of limitations that governs such claims under South Carolina law; despite his assertions to the contrary, the mere fact that the settlement agreements he signed were notarized does not transform them into sealed instruments.  *See* S.C. Code Ann. § 26-1-90(A)(4) (1991 & Supp. 2023) (listing "signature witnessing" as one act notaries public may perform).  To the extent the complaint can be liberally construed to raise claims under the False Claims Act, 31 U.S.C. §§ 3729 to 3733 (FCA), any such claims were subject to dismissal for, among other reasons, failure to state a claim. *See, e.g.*, *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 193 (4th Cir. 2022) (stating elements of civil FCA claim); *id.* at 194 (explaining that "because

2

False Claims Act claims are fraud claims," they "must be pleaded with particularity" under Fed. R. Civ. P. 9(b)); *see also Moore v. Frazier*, 941 F.3d 717, 725 (4th Cir. 2019) (recognizing we may affirm "on any ground apparent on the record").  Finally, Wright's claims of procedural error are plainly meritless.

We therefore affirm the district court's judgment.  *Wright v. Wells Fargo Bank NA*, No. 6:22-cv-00261-JD (D.S.C. Aug. 23, 2022).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3